UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8                        UNITED STATES  DISTRICT COURT

9                       Northern District of California

10                          San Francisco Division

11

12   DERRELL R. DAVIS,                        No. 15-cv-3366 LB

13                  Petitioner,            **ORDER TO SHOW CAUSE**

14          v.                             [Re: ECF Nos. 1, 5, 6]

15   W. L. MONTGOMERY, Warden,

16                  Respondent.

17   _____/

18

19                          **INTRODUCTION**

20       Derrell R. Davis, an inmate at the Centinela State Prison, filed this *pro se* action seeking a writ

21   of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review

22   pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United

23   States District Courts.  Mr. Davis consented to proceed before a magistrate judge.  (ECF No. 5 at 7,

24   8.)[1]  This order requires a response from respondent and permits Mr. Davis to file a new motion to

25   stay proceedings if he has unexhausted claims he wants to present to the state courts.

26

27   _____

28       [1]Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page
     numbers at the tops of the documents.

15-cv-3366 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1

**STATEMENT**

2        Mr. Davis was convicted in Alameda County Superior Court of murder and possession of a

3    firearm by a felon, with sentence enhancements for using a firearm and causing great bodily injury

4    or death, as well as for prior convictions.  *See People v. Derrell Ronald Davis*, Cal. Ct. App. No.

5    A134279, opinion filed April 30, 2014.  He was sentenced to 80 years to life in prison.

6        Mr. Davis appealed.  He states that his conviction was affirmed by the California Court of

7    Appeal and that his petition for review is pending in the California Supreme Court.   However, the

8    California courts' website for appellate case information, www.appellatecases.courtinfo.ca.gov,

9    indicates that Mr. Davis' petition for review was denied on July 30, 2014.  That same website

10   indicates that he has a petition for writ of habeas corpus pending in the California Supreme Court:

11   Mr. Davis' petition for writ of habeas corpus was filed in the California Supreme Court on July 6,

12   2015 and was still pending as of September 20, 2015.

13

**ANALYSIS**

14   **I.  REVIEW OF PETITION**

15       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

16   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

17   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423

18   U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent

19   to show cause why the writ should not be granted, unless it appears from the application that the

20   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

21       In his federal petition, Mr. Davis asserts the following claims.  First, he alleges that his Sixth and

22   Fourteenth Amendment rights to due process and to present a defense were violated when "the trial

23   court failed to give accomplice instruction for Terrell Fisher . . . and then vouch[ed] that the

24   prosecutor was correct in arguing that the fact that no accomplice instruction was given reflected the

25   court's belief that Fisher was not an accomplice."  (ECF No. 5 at 9.)   Second, Mr. Davis alleges

26   that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were denied

27   "when the trial court did not permit a continuance by counsel" when newly evidence was uncovered

28   three days before trial.  (*Id.* at 10.)  He further alleges that a continuance "should have been granted

15-cv-3366 LB
ORDER                                                2

1   to allow [him] to investigate late discovery" to give meaning to his rights to compulsory process and

2   to confront witnesses.  Third, Mr. Davis alleges that his Sixth Amendment right to effective

3   assistance of counsel was violated "when defense counsel failed to make a request on the record to

4   admit the recording" of an interrogation of Terrell Fisher.  (*Id.* at 11.)  Fourth, Mr. Davis contends

5   that his Fourteenth Amendment right to due process was violated by the admission of officer Basa's

6   "opinion testimony assessing the weight and credibility of the evidence."  (*Id.* at 12.)  Fifth, Mr.

7   Davis alleges that the cumulative effect of these errors resulted in a due process violation.  (*Id.* at

8   13.)  Liberally construed, these claims are cognizable in a federal habeas proceeding and warrant a

9   response.

10   **II.   THE MOTION FOR A STAY**

11       Mr. Davis filed a motion for stay and abeyance until his state court remedies are exhausted.

12   (ECF No. 1.)  Mr. Davis did not describe the unexhausted claims and did not explain why he did not

13   exhaust state court remedies for those claims before filing his federal petition for writ of habeas

14   corpus.

15       In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court discussed the stay-and-

16   abeyance procedure for mixed habeas petitions.  The Court cautioned district courts against being

17   too liberal in allowing a stay because a stay works against several of the purposes of the

18   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's

19   objective of encouraging finality by allowing a petitioner to delay the resolution of the federal

20   proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by

21   decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal

22   petition." *Rhines*, 544 U.S. at 277.  A stay "is only appropriate when the district court determines

23   there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims

24   are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  *Id.* at

25   277-78. Any stay must be limited in time to avoid indefinite delay.  *Id.*  Reasonable time limits

26   would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to

27   federal court after the final rejection of the claims by the state court.  *See id.* at 278; *Kelly v. Small*,

28   315 F.3d 1063, 1071 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d

UNITED STATES DISTRICT COURT
For the Northern District of California

15-cv-3366 LB
ORDER                              3

UNITED STATES DISTRICT COURT
For the Northern District of California

1 || 1143 (9th Cir. 2007).[2]

2    On the record now before the court, Mr. Davis does not qualify for a *Rhines* stay.  The motion

3 || for a stay does not identify the unexhausted claims, so the court cannot determine that they are not

4 || meritless claims.  The motion also does not show good cause for Mr. Davis' failure to exhaust those

5 || claims in state court before filing his federal petition for writ of habeas corpus.  *See Wooten v.*

6 || *Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's

7 || incorrect "impression" that counsel had raised claims to the California Supreme Court on direct

8 || appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier).  The motion

9 || for a stay is DENIED without prejudice to Mr. Davis filing a new motion for a stay **within twenty**

10 || **days** of the date of this order complying with the requirements under *Rhines*.  The motion for a stay

11 || should (a) identify all the unexhausted claims and (b) explain why those claims were not presented

12 || to the California Supreme Court before this action was filed.

### CONCLUSION

14    For the foregoing reasons,

15    1.  The petition states cognizable claims for federal habeas relief and warrants a response.  The

16 || court will set a briefing schedule for respondent to show cause why the petition should not be

17 || granted as to those claims.  That briefing schedule will be adjusted if Mr. Davis files a new motion

18 || for a stay.

19    2.  The clerk shall serve by mail a copy of this order, the petition and all attachments thereto

20

21    [2]There is a second kind of stay, called a *King/Kelly* stay, that provides an alternative method
22 || to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas
action, but quite often results in a statute of limitations problem for the petitioner who uses it.  Under
23 || the procedure outlined in *Kelly v. Small*, "(1) a petitioner amends his petition to delete any
unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition,
24 || allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and
25 || (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original
petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).  A
26 || petitioner seeking to avail himself of the *King/Kelly* three-step procedure is not required to show
good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted
27 || claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a
28 || "common core of operative facts" with the claims in the original petition, and *Duncan v. Walker*,
533 U.S. 167 (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43.

15-cv-3366 LB
ORDER                                      4

1   upon respondent and respondent's attorney, the Attorney General of the State of California.  The

2   clerk shall also serve a copy of this order on petitioner.

3       3.   The clerk also shall serve a copy of the "consent or declination to magistrate judge

4   jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of

5   California.

6       4.   Respondent must file and serve upon Petitioner, on or before **December 18, 2015**, an answer

7   conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why

8   a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all

9   portions of the court proceedings that have been previously transcribed and that are relevant to a

10  determination of the issues presented by the petition.

11      5.   If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the

12  Court and serving it on Respondent on or before **January 15, 2016**.

13      6.   Petitioner's motion for a stay and abeyance is DENIED.  (ECF No. 1.)  If petitioner wants a

14  stay of this action so that he may exhaust state court remedies as to one or more claims, he must file

15  his motion for a stay **within twenty days** of the date of this order.  Petitioner may choose instead to

16  simply dismiss the unexhausted claims and proceed with consideration of his other claims.

17      7.   Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court

18  informed of any change of address and must comply with the Court's orders in a timely fashion.

19      8.   Petitioner is cautioned that he must include the case name and case number for this case on

20  the first page of any document he submits to the Court for consideration in this case.

21      7.   Petitioner's *in forma pauperis* application is GRANTED.  (ECF No. 6.)

22      **IT IS SO ORDERED.**

23  Dated: September 23, 2015

24  _____
    LAUREL BEELER
    United States Magistrate Judge

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California